## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | | |
|---|---|---|
| KADEEM A. DIAWARA, | : | |
| plaintiff, | : | **CIVIL ACTION** |
| v. | : | |
| PATROLMAN JASON STALLWORTH, | : | |
| CHIEF OF POLICE MITCHELL | | **COMPLAINT and JURY DEMAND** |
| A. LITTLE, and TOWNSHIP | : | |
| OF TOMS RIVER through its | | **R E C E I V E D** |
| Police Department,  and a/k/a | | |
| Township of Toms  River | | AUG 30 2022 |
| Police Department | : | |
| | | AT 8:30_____M |
| defendants. | : | WILLIAM T. WALSH |
| | | CLERK |

Plaintiff Kadeem A. Diawara, residing at 1104 Fellowship Court, Toms River, New Jersey 08753, avers the following in his Compliant against the defendants named above.

### INTRODUCTION

1.   This is a Civil Rights action for money damages brought pursuant to 42 U.S.C. §§ 1983-1988; the Fourth and Fourteenth Amendments to the United States Constitution, and Constitution of the State of New Jersey, against Jason Stallworth, in his individual and official capacity as a police officer of the Toms River Police Department ("Officer Stallworth"), defendant Mitchell A. Little in his official capacity as Chief of Police of the Toms River Police Department

1

("Chief Little), and the Township of Toms River, New Jersey,

through its police department ("Toms River").A/K/A township

2.    As alleged in more detail below, Officer Stallworth

improperly charged plaintiff Diawara with unlawfully possessing

a quantity (less than 50 grams) of marijuana following an

unlawful motor vehicle stop, unlawful detention, unlawful field

questioning, unlawful interrogation, and unlawful arrest.

3.    Officer Stallworth's unlawful conduct, in each of its

aspects, including the stop of Diawara's vehicle, the roadside

questioning, the roadside search of Diawara's vehicle, the

arrest of Diawara, the subsequent questioning of Diawara after

he was involuntarily taken into custody, handcuffed, and taken

to the Toms River Police Department where he was subjected to

further and continued abusive interrogation, was undertaken

without probable cause to believe, conclude, or form an opinion

that any circumstances existed to cause a reasonable person to

suspect that Diawara was engaged in any unlawful activity from

the time he was initially observed by Officer Stallworth through

the time he was cautioned by fellow officers that he was

trampling on Diawara's rights and should desist from further

questioning and threats of unlawful prosecution.

4.    Officer Stallworth's arrest of Diawara and subsequent

filing of charges against him was done with the knowledge that

no probable cause existed for the adverse actions taken against

Diawara and done as retaliation against Diawara for failing to reveal to Officer Stallworth certain information Officer Stallworth expected to learn about unlawful drug activity; the conduct was done with impunity and total disregard by Officer Stallworth that he might properly be subjected to remedial legal consequences for his intentional conduct in total disregard of Diawara's civil rights.

5.    Officer Stallworth's actions in connection with the arrest of Diawara on September 2, 2020, should have made him a candidate for remedial training in proper techniques and procedures in proper drug law investigations and motor vehicle stops, but no such training has occurred to date.

6.    The violations of Plaintiff's rights described in this Complaint are the outgrowth from policies and customs of the Township of Toms River as implemented by its Police Department under the direction of Chief Little, to engage in improper tactics against persons suspected of committing minor offenses, particularly where, as in this case, the suspect claims a right to engage in the conduct at issue; and to refrain from providing effective training, oversight, and discipline to members of the Toms River Police Department ("Police Department"), as a result of which Officer Stallworth expected that his unlawful stop, interrogation, search, arrest, leveraged interrogation under additional unfounded threats, and ultimate

3

false charges would not result in adverse consequences to himself, but could instead be inflicted with impunity under color of law.

7.    Officer Stallworth's improper roadside stop and subsequent abuses of investigative procedures are not the only instances where a Toms River police officer has overstepped the bounds of a normal police-citizen encounter in an unlawful manner with impunity and under color of law. Officer Stallworth and other Toms River police officers have routinely pursued a policy and custom of making improper motor vehicle stops in order to coerce motorists to provide information about drug investigations without any probable cause for the stops, the detentions, the interrogations, and the filing threats of and actual filing of charges in the absence of probable cause for the police conduct undertaken.

**PARTIES**

8.    Plaintiff was at all times relevant to this complaint was and remains a resident of Toms River.

9.    The Township of Toms River is a lawfully organized municipal entity of the State of New Jersey with its municipal offices located at 33 Washington Street, Toms River, New Jersey 08753. At all times relevant to this complaint the Township of Toms River was the public employer of Officer Stallworth, was

4

the public employer of Chief Mitchell A. Little, and operated the Toms River Police Department.

10.   The Toms River Police Department is an instrumentality of defendant Township of Toms River, with its offices located at 255 Oak Avenue, Toms River, New Jersey 08753.

11.   Officer Stallworth was at all times relevant to this Complaint a duly appointed and acting officer of the Police Department, acting under color of law, pursuant to the statutes, ordinances, regulations, policies, customs, and usages of the Township of Toms River.

12.   Chief Little was at all times relevant to this Complaint a duly appointed and acting officer of the Township of Toms River and was vested by state law with the authority to make policy on police-citizens encounters; properly effectuating arrests; discouragement and consequences of the use of ultra vires and overstepping conduct by police officers; internal affairs investigations; and disciplining officers.

13.   The residence addresses of Officer Stallworth and Chief Little are at this time unknown, but these defendants work and may be served with process at their place of employment, the Toms River Police Department with offices at 255 Oak Street, Toms River, New Jersey 08753.

**JUDRISDICTION AND VENUE**

5

14.   This court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1343 (a)(3), in that Plaintiff seeks by this action to redress the deprivation, under color of state law, custom or usage, of rights, privileges and immunities secured to Plaintiff by the Constitution of the United States and other federal law.

15.   Venue for this action is proper in the United States District Court for the District of New Jersey, Trenton Vicinage pursuant to 28 U.S.C. §§ 1391 (b), in that the defendants reside in the District of New Jersey, Trenton Vicinage, and a substantial part of the events giving rise to the Plaintiff's claims occurred in the same District and Vicinage.

16.   Plaintiff has served the Township of Toms River with a timely Tort Claim as provided by applicable New Jersey law.

### **FACTUAL BACKGROUND**

17.   On September 2, 2020, while working as a patrol officer for the Toms River Police Department Officer Stallworth observed Toms River resident Kadeem A. Diawara talking to friend in the vicinity of a liquor store on the public sidewalk. When the friends went their separate ways, Officer Stallworth followed the automobile that Kadeem drove away in accompanied by his girlfriend.

18.   Diawara is of African descent.

19.   Diawara's girlfriend was a blond Caucasian.

6

20.   Officer Stallworth pursued Diawara's vehicle onto the northbound lanes of the Garden State Parkway.

21.   While still within the jurisdiction of Toms River Township, Officer Stallworth pulled Diawara over for no apparent reason and demanded that he produce his driving credentials.

22.   Officer Stallworth took it upon himself to ask Diawara if there was anything in the car that Officer Stallworth should know about. Diawara informed the officer that he had three (3) ounces of lawfully dispensed medical marijuana for which he had the prescription and other related documentation as to its medical source and his lawful possession of it (still in the original container).

23.   Although Officer Stallworth had no cause to detain or arrest Diawara at that time (or any time) he continued to harangue Diawara about the location of drugs in the car. In the context of the questioning, it was apparent that Officer Stallworth held the belief that Diawara (or his car) possessed additional drugs beyond the medical marijuana disclosed by Diawara.

24.   Diawara was detained, questioned, taken into custody, and removed to the Toms River Police Station for further questioning.

25.   While at the police station, Diawara was threatened by Officer Stallworth with continued detention and the

incarceration of his girlfriend unless he was forthcoming with evidence of drug transactions that he was accused of withholding.

26. While at the police station, several police officers confronted Officer Stallworth in the presence of Diawara and cautioned Officer Stallworth about his conduct toward Diawara characterizing it as unjustified based upon a total lack of probable cause.

27. Diawara was charged by Officer Stallworth by Summons Complaint 1507 S 2020 001052 with unlawful possession of a quantity of marijuana without probable cause of legal justification.

28. Diawara was required to retain criminal defense counsel, appear in the Toms River Municipal Court, and enter a plea to the charge filed against him.

29. The three (3) ounces of medically dispensed marijuana possessed by Diawara was lawfully dispensed and possessed by him.

30. Upon the voluntary disclosure of his medical marijuana to Officer Stallworth, Officer Stallworth simply seized the marijuana without any further investigation and pursued a pretextual criminal investigation that included the wrongful detention, search, arrest, and unlawful charging of Diawara.

31.   The circumstances of Diawara's arrest and the charges lodged against him were reported in the "Police Blotter" section of a local newspaper within several days of his arrest but prior to his first appearance and not guilty plea.

32.   Diawara's arrest on September 2, 2020, occurred on a Wednesday leading up to the Labor Day Weekend. When Diawara returned to work following Labor Day, he was informed that he was terminated due to his arrest the previous week.

33.   Through counsel, Plaintiff made numerous requests that the pending marijuana charges against him be dismissed.

34.   On July 15,2021, Plaintiff received a notice dated July 2 , 2021 without explanation that the charge against him was being dismissed.

### COUNT ONE
*42 U.S.C. § 1983*
(Officer Jason Stallworth)

35.   Plaintiff incorporates the preceding averments of this Complaint by reference.

36.   At all times during the events described above Officer Stallworth misused the authority of his office during the unlawful arrest of Diawara, during the unlawful acts committed against him, and the filing of pretextual charges against him.

37.   The actions taken by Officer Stallworth were done intentionally with malice or in total disregard of the harm it would cause Plaintiff.

9

38.   As a foreseeable and direct result of the unlawful conduct of Officer Stallworth, Plaintiff suffered injuries and damages, not limited to but including:

A.    The violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches, seizures, and false arrest;

B.    The violation of his rights to equal protection of the laws of the United States of America and of the State of New Jersey;

C.    Loss of his physical liberty;

D.    Being made the target of a filed complaint and the subject of a prosecution without justifiable probable cause;

E.    Extreme anxiety suffered at the scene of his arrest, subsequent restrained transportation to the police station, and harangued custodial interrogation under threat of prosecution that occurred at the police station.

F.    Shame, disgrace, and public humiliation;

G.    Physical pain and suffering;

H.    Wage loss as a result of the termination of his employment;

I.   Residual emotional trauma and loss of well-being, including symptoms consistent with Post-Traumatic Stress Disorder ("PTSD");

J.   Medical expenses and the financial burden of ongoing medical care as a result of emotional trauma and loss of well-being sustained as a result of the circumstances surrounding Plaintiff's false arrest and prosecution.

**WHEREFORE**, plaintiff Kadeem A. Diawara demands judgment against defendant Officer Jason Stallworth in an amount exceeding $75,000, to be trebled pursuant to law, together with an award of punitive damages, attorney fees pursuant to 42 U.S.C. § 1988, equitable relief, and taxable costs.

## COUNT TWO
*42 U.S.C. §§ 1983*
(Officer Jason Stallworth, Chief Mitchell
Little, and Township of Toms River)

38.   Plaintiff incorporates the preceding averments of this Complaint.

39.   At all times relevant to this action the Township of Toms River developed and maintained policies and practices that encouraged police officers to engage in improper tactics against persons suspected of committing minor offenses, particularly where, as in this case, the suspect claims a right to engage in the conduct at issue; and to refrain from  providing effective

training, oversight, and discipline to members of the Toms River
Police Department ("Police Department"), as a result of which
Officer Stallworth expected that his unlawful stop,
interrogation, search, arrest, leveraged interrogation under
additional unfounded threats, and ultimate false charges would
not result in adverse consequences to himself, but could instead
be inflicted with impunity under color of law.

40.  At all times relevant to this action, Chief Little was
vested by state law with the duty and authority to make
effective municipal policy on police citizen encounters,
properly effectuating arrests, measures to discourage and
provide consequences for the use of unlawful and overreaching
investigative techniques and tactics, and to provide effective
training, oversight, and discipline to members of the Toms River
Police Department ("Police Department").

41.  As a result of the failure of Chief Little with
respect to policy and training Officer Stallworth expected that
his unlawful stop, interrogation, search, arrest, leveraged
interrogation under additional unfounded threats, and ultimate
false charges would not result in adverse consequences to
himself, but could instead be inflicted with impunity under
color of law.

42.  Chief Little did not arrange for the adequate training
of Officer Stallworth or his fellow officers on police-citizen

12

encounters or properly effectuating arrests, and did not enact effective measures to discourage and provide consequences for the use of unlawful and overreaching investigative tactics and procedures on the occasion of such encounters.

43.   Chief Little did not provide training and did not have in place any specific standard operating procedure for officers, such as Officer Stallworth, to understand and distinguish between the possession of lawfully-medically prescribed marijuana and unlawful CDS, thus providing officers, such as Officer Stallworth the ability to respect the constitutional and medical rights of citizens.

44.   Chief Little did not provide for adequate internal affairs investigations, remedial action, or for sufficient discipline of police officers, following incidents where police officers engage in improper conduct during police-citizen encounters such as roadside stops, or in cases of the filing of pretextual charges to cover for misconduct.

45.   At all times relevant to this action, Chief Little did not require appropriate monitoring, in-service training, retraining, employment discipline, or other adequate remedial measure to discourage officers, such as Officer Stallworth, from improper conduct.

46.   As a result of the above-described policy failures, Officer Stallworth misused the authority of his position as a

13

police officer during the unlawful arrest of Plaintiff and the later filing of pretextual charges against him.

47.   The above-described policy failures and tolerated customs and practices demonstrate a deliberate indifference on the part of Chief Little and other policy makers of the Township of Toms River to the constitutional rights of persons within the township and were a proximate cause of the violations of Plaintiff's rights and resulting damages.

**WHEREFORE**, Plaintiff Kadeem A. Diawara demands judgment, jointly and severally, against defendants Officer Jason Stallworth, Chief Mitchell Little, and the Township of Toms River, in an amount exceeding $75,000, to be trebled pursuant to law, together with an award of punitive damages, attorney fees pursuant to 42 U.S.C. §§ 1988, equitable relief, and taxable costs.

### COUNT THREE
*Violations of the New Jersey Civil Rights Act*
(Officer Jason Stallworth, Chief Mitchell
Little, and Township of Toms River)

48.   Plaintiff incorporates the preceding averments of this Complaint.

49.   The acts of Defendants violated Plaintiff's rights under the New Jersey Civil Rights Act and the New Jersey Constitution, in that Plaintiff was deprived of the following fundamental rights:

14

A.   The right to safety and happiness. (N.J. Const. Art I, Sec. 1);

B.   The right to responsible government action, which "is instituted for the Protection, security, and benefit of people." (N.J. Const. Art. I, Sec. 2);

C.   The right to be free from unreasonable arrest and seizure. (N.J. Const. Art. I, Sec. 7);

D.   The right [no less than a crime victim] to "be treated with fairness, compassion and respect" by all participants in the criminal justice system. (N.J. Const. Art. 1, Sec. 22).

50.   As a direct a forceable result of the actions and/or inactions of the Township of Toms River alleged herein, Plaintiff sustained as more specifically alleged above.

**WHEREFORE**, Plaintiff Kadeem A. Diawara demands judgment, jointly and severally, against defendants Officer Jason Stallworth, Chief Mitchell Little, and the Township of Toms River, for damages, to be trebled pursuant to law, together with an award of punitive damages, attorney fees, equitable relief, and taxable costs.

### COUNT FOUR
*Negligence – Respondeat Superior*
(Chief Mitchell Little and Township of Toms River)

51.   Plaintiff incorporates the preceding averments of this Complaint.

52.   The damages suffered by Plaintiff were a foreseeable result of the negligence of Chief Little and the Township of Toms River through its Police Department in failing to properly hire, train, retrain, and/or discipline Officer Stallworth and his fellow officers,

53.   The aforementioned negligence resulted in foreseeable injuries and damages to Plaintiff, not limited to but including:

     A.   The violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the New Jersey Constitution Article 1, Section 7 to be free from unreasonable searches, seizures, and false arrest;

     B.   The violation of his rights to equal protection of the laws of the United States of America and of the State of New Jersey;

     C.   Loss of his physical liberty;

     D.   Being made the target of a filed complaint and the subject of a prosecution without justifiable probable cause;

     E.   Extreme anxiety suffered at the scene of his arrest, subsequent restrained transportation to the police

station, and harangued custodial interrogation under threat of prosecution that occurred at the police station.

    F.   Shame, disgrace, and public humiliation;

    G.   Physical pain and suffering;

    H.   Wage loss as a result of the termination of his employment;

    I.   Residual emotional trauma and loss of well-being, including symptoms consistent with Post-Traumatic Stress Disorder ("PTSD");

    J.   Medical expenses and the financial burden of ongoing medical care as a result of emotional trauma and loss of well-being sustained as a result of the circumstances surrounding Plaintiff's false arrest and prosecution.

    **WHEREFORE**, Plaintiff Kadeem A. Diawara demands judgment, jointly and severally, against defendants Chief Mitchell Little and the Township of Toms River, for damages, together with an award of attorney fees, and taxable costs.

### JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL

54.  Plaintiff demands trial by jury on all issues so triable.

55.  Plaintiff designates Douglas B. Hanna, Esquire as trial counsel in this matter.

## CERTIFICATION

Plaintiff, by his counsel, hereby certifies that no other actions regarding the matter alleged in this Complaint are related to any other existing case or controversy nor is any related action contemplated at this time.

Respectfully submitted

DOUGLAS B. HANNA, ESQ., P.C.

DATED:   August 24, 2022     By:_____

Douglas B. Hanna, Esquire
2640 Highway 70
Bldg. 7, Ste #
Manasquan, New Jersey 08736
732-449-8000
732-449-8011 fax
doug@dhannalaw.com

18